# EXHIBIT A

Peter Winkler
Attorney at Law (92377)
104-A Main Street
Tiburon, California 94920
Telephone: 415.435.2677
Email: pwinkler@winklerlaw.com

Attorney for Plaintiff
Douglas K. Ivey

FILED

APR 14 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MARIN

(UNLIMITED JURISDICTION)

| | |
|---|---|
| Douglas K. Ivey,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Chase Bank, ALAW, and Does 1 to 10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV 1401386<br><br>**COMPLAINT FOR VIOLATON OF CALIFORNIA'S DUAL TRACKING LAW AND PREDATORY LENDING; REQUEST FOR PRELIMINARY INJUNCTION** |

Plaintiff Douglas K. Ivey ("Plaintiff") hereby alleges:

### GENERAL ALLEGATIONS

1. At all relevant times, Plaintiffs were individuals residing in the Tiburon, County of Marin, California.

2. Plaintiffs are informed, believe, and thereupon allege that Defendant ALAW, also known as

-1-
Complaint

the Albertelli Law ("ALAW"), is a business entity of unknown form with its principal place of business in Chatsworth, California.

3. Plaintiffs are informed, believe, and thereupon allege that Defendant Chase Bank ("Chase") is a corporation with offices throughout California.

4. Plaintiffs are unaware of the true names or capacities of remaining defendants Does 1 through 10, whether corporate, individual, partner, employee, agent, co-conspirator, or otherwise, and pray leave of court to allege said true names and capacities when the same have been ascertained.

5. In or about June 2007, Plaintiff obtained a loan from Chase's predecessor-in-interest, Washington Mutual, and executed a promissory note and deed of trust secured against his home.

6. Plaintiff subsequently defaulted on his loan payments and has been working with Chase for a modification.

7. On or about 18 March 2014, Plaintiff applied for a loan modification.

8. On or about 20 March 2014, ALAW served Notice of Trustee's Sale dated 3 March 2014.

9. ALAW and Chase have refused to halt the sale of Plaintiff's home which is set to take place on Wednesday 16 April 2014.

### FIRST CAUSE OF ACTION
### FOR DAMAGES FOR VIOLATION OF CALIFORNIA'S
### HOMEOWNERS' BILL OF RIGHTS
(Against All Defendants)

10. Plaintiffs re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs, inclusive, as though fully set forth herein.

11. Defendants' actions in proceeding with the foreclosure sale violate California's Homeowners' Bill of Right. Calif. Civil Code section 2920 et seq.

12. In particular, Defendants initiated a foreclosure sale while Plaintiffs were in the Chase's home loan modification program, thereby violating of Plaintiffs' rights under the Homeowners' Bill of Rights.

13. Plaintiff is informed, believes, and thereupon alleges that aforementioned violations of California's Homeowners' Bill of Rights were willful and knowing

14. As a direct and proximate result of Defendants' improper conduct set forth herein, Plaintiffs have suffered injuries to their health and business, entitling them to injunctive relief and an award of damages according to proof.

## SECOND CAUSE OF ACTION
## FOR DAMAGES FOR VIOLATION OF CALIFORNIA'S PREDATORY LENDING LAW
(Against All Defendants)

15. Plaintiffs re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

16. The loan on Plaintiff's home was originated by Washington Mutual and subsequently acquired by Chase, which has sought to enforce all of the rights created for the lender in the loan documents.

17. The loan application was completed by a loan officer of Washington Mutual who also provided an appraisal of the property.

18. The appraisal substantially overstated the value of the property at the time of the loan, thereby enabling a larger loan than a true appraisal would have. Plaintiff is informed, believes, and thereupon alleges that the overstated appraisal resulted in a substantially larger commission for the loan officer of Washington Mutual than he was entitled to.

19. The terms of the loan failed to take into account Plaintiff's ability to repay the loan.

-3-
Complaint

20. Plaintiff relied on the loan agent for advice and assistance.

21. The foregoing acts of Chase and its predecessor in interest violate California's predatory lending law. Calif.Fin.Code sec. 4970 et seq.

22. The foregoing acts also constitute unfair business practices under Business and Professions Code section 17200 et seq.

23. Violations of the predatory lending law entitle the injured party to mandatory attorney fees, the award of punitive damages, and the greater of either actual damages or statutorily prescribed damages when the violation is willful and knowing.

24. Plaintiff is informed, believes, and thereupon alleges that aforementioned violations of California's predatory lending law were willful and knowing.

### THIRD CAUSE OF ACTION
### FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION
(Against All Defendants)

25. Plaintiffs re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

26. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs face the loss of their home.

27. For the harm done and threatened by Defendants, that will continue but for intervention of the Court, Plaintiffs have no adequate remedy at law. Equitable intervention by the Court would reduce future damages. Defendants could not compensate Plaintiffs for the threatened harm to themselves, their children, the children in their daycare, the families of those children, and Plaintiffs' employees.

28. Based on the foregoing, Plaintiffs respectfully request that the Court issue a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction against Defendants, stopping the pending foreclosure sale and barring any further sale until Defendants prove to the Court that they have complied with California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. Damages in an amount not less than $500,000.00, according to proof at time of trial;

B. Punitive and exemplary damages in an amount not less than $500,000;

C. For an attachment or other provisional remedy against the transferred asset(s) or its proceeds under California Code of Civil Procedure section 481.010 *et seq.*; an injunction against Defendants against further disposition of transferred asset(s) or its proceeds; and for the appointment of a receiver to take charge of transferred asset(s) or proceeds;

D. For reasonable attorneys' fees as permitted by statute or contract.

E. For costs of suit herein; and

F. For such other and further relief as the Court deems just and proper.

Dated: 14 April 2014

_____
Peter Winkler
Attorney for Plaintiff
Douglas K. Ivey

Peter Winkler
Attorney at Law (92377)
104-A Main Street
Tiburon, California 94920
Telephone: 415.435.2677
Email: pwinkler@winklerlaw.com

Attorney for Plaintiff
Douglas K. Ivey

FILED
APR 15 2014
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MARIN

(UNLIMITED JURISDICTION)

| | |
|---|---|
| Douglas K. Ivey,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Chase Bank, ALAW, and Does 1 to 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 14 01386<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br>HON. PAUL M. HAUKENSON<br>DEPT: E<br>DATE: 15 APRIL 2014<br>TIME: 9:00 A.M. |

Plaintiff Douglas K. Ivey ("Plaintiff") hereby move this Court for a temporary order restraining Defendants Chase Bank and ALAW, and their agents, employees, and assignees from selling, auctioning, attempting to auction or sell, causing to be sold or auctioned, transferring ownership or title, evicting by any means, or otherwise further encumbering the real property located at 3330 Paradise Drive, Tiburon, California (the "Subject Property").

-1-

Ivey v. Chase Bank, No. CV 1401386; Ex Parte Appl for TRO/OSC; Memo of P&A

Plaintiff also requests that Defendants be ordered to show cause why a preliminary injunction should not be issued enjoining them and their agents, employees, and assignees from taking further action to impair Plaintiff's ownership of the Subject Property and occupancy and use of the Subject Property during the pendency of this lawsuit.

This application is made on the grounds that Plaintiff is likely to prevail on the merits of this Complaint and the complex nature of Defendants' violation of California law cannot be fully litigated through any summary proceeding.

Plaintiff has not previously applied to any judicial officer for similar relief in this case.

Given the equities in this case, Plaintiff requests that the Court impose no bond. Alternatively, Plaintiff requests that any bond imposed by the Court not exceed $100.00

This application is based on the Complaint herein, the following memorandum of points and authorities, the attached declarations, and such other matters as the Court may properly notice.

Dated: 14 April 2014

_____
Peter Winkler
Attorney for Plaintiff Douglas K. Ivey


# MEMORANDUM OF POINTS AND AUTHORITIES

**I. California homeowners have a right to deal with lenders without lenders selling the property during the negotiations.**

Responding to the plague of foreclosures and evictions in the last decade, the California legislature passed the California Homeowners' Bill of Rights. Calif. Civil Code sec. 2923.4 <u>et seq</u>. Its stated purpose is to "ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss

mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." Civ.C. sec. 2923.4(a). The statute goes on to prohibit dual tracking and to require a single point of contact for each borrower. Civ.C. sec. 2923.7(a).

As set forth in the attached Declaration of Douglas K. Ivey, Defendants simultaneously scheduled a non-judicial foreclosure proceeding after Plaintiff had submitted a loan modification application.

**II. Federal law provides additional protection for property owners during the mortgage modification negotiations.**

The United States Consumer Financial Protection Bureau has amended Regulations X and Z, which implement the Real Estate Settlement Procedures Act of 1974, to afford protections to homeowners that complement California's regulatory scheme. 12 C.F.R. Parts 1024 and 1026; Dodd-Frank Act, P.L. No. 111-203, 124 Stat. 1376 (2010). Under the Federal regulations, once a homeowner submits a complete loss mitigation application to his mortgage servicer after the foreclosure has started, under certain circumstances, the servicer must stop the foreclosure process until certain conditions are met.

**III. With Plaintiffs in a modification program, Defendants continued to move toward foreclosing Plaintiffs' home.**

As set forth in the attached Declaration of Matthew Long, Plaintiff applied for a loan modification and, within days, was notified of a pending sale date for his home, now set for 15 April 2014 at 1:00 p.m.

**IV. The California legislature has banned predatory lending practices.**

Predatory lending has become an insidious financial problem in recent years for thousands of Californians. In any real estate loan, the loan terms and consequences must be adequately disclosed

and, more importantly, financially feasible for the borrower. The California Legislature has recognized the growing problem of predatory lending by adding Division 1.6 to the Financial Code, effective July 1, 2002. Calif.Fin.Code sec. 4970 et seq.

The law prohibits various acts making loans covered by the legislation, including failing to consider the financial ability of the borrower to repay. Here the loan agent for Washington Mutual completed the loan application for Plaintiff and obtained an appraisal what substantially overvalued the Subject Property. From the outset, Plaintiff had a loan that exceeded his financial abilities.

**V. Relief.**

If Defendants are not enjoined from selling Plaintiff's home, Plaintiff will suffer irreparable harm due to the loss of his family home and his displacement. Plaintiff has established his likelihood of prevailing on the merits, given the clear violation of California law.

Plaintiffs respectfully request that the Court issue a temporary restraining order stopping Defendants Chase Bank and ALAW, and their agents, employees, and assignees from selling, auctioning, attempting to auction or sell, causing to be sold or auctioned, transferring ownership or title, evicting by any means, or otherwise further encumbering the real property located at 3330 Paradise Drive, Tiburon, California (the "Subject Property").

Plaintiffs also request that Defendants be ordered to show cause why a preliminary injunction should not be issued enjoining them and their agents, employees, and assignees from taking further action to impair Plaintiff's ownership of the Subject Property and occupancy and use of the Subject Property during the pendency of this lawsuit.

Dated: 14 April 2014

Peter Winkler
Attorney for Plaintiff Douglas K. Ivey

Peter Winkler
Attorney at Law (92377)
104-A Main Street
Tiburon, California 94920
Telephone: 415.435.2677
Email: pwinkler@winklerlaw.com

Attorney for Plaintiff
Douglas K. Ivey

MAY 8 2014

FILED
APR 15 2014
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MARIN

(UNLIMITED JURISDICTION)

| | |
|---|---|
| Douglas K. Ivey,<br><br>        Plaintiffs,<br><br>v.<br><br>Chase Bank, ALAW, and Does 1 to 10, inclusive,<br><br>        Defendants. | CASE NO. 14 01386<br>[PROPOSED]<br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>HON. PAUL M. HAUKENSON<br>DEPT: E<br>DATE: 15 APRIL 2014<br>TIME: 9:00 A.M. |

On the ex parte application of Plaintiff Douglas K. Ivey ("Plaintiff") for a temporary order restraining Defendants Chase Bank and ALAW from selling his home and for an order to show cause while a preliminary injunction should not issue,

Good cause appearing that the balance of equities favors Plaintiffs, that Plaintiffs are likely to suffer irreparable harm, and that Plaintiffs are likely to prevail on the merits,



-1-
Ivey v. Chase; Appl for TRO and OSC re Prel Inj; Memo of P&A

IT IS HEREBY ORDERED that:

A temporary order shall hereby issue, restraining Defendants Chase Bank and ALAW, and their agents, employees, and assignees from selling, auctioning, attempting to auction or sell, causing to be sold or auctioned, transferring ownership or title, evicting by any means, or otherwise further encumbering the real property located at 3330 Paradise Drive, Tiburon, California 94920 (the "Subject Property").

On __MAY 30__, 2014, at __9 AM__, in Department __E__ of this court, Defendants shall to show cause why a preliminary injunction should not be issued enjoining them and their agents, employees, and assignees from taking further action to impair Plaintiffs' ownership, occupancy, and use of the Subject Property during the pendency of this lawsuit.

Plaintiff shall serve this Order on Defendants on or before: __5pm  4-18-14__.

Defendant shall have until __MAY 20, 2014__ to file and serve their response to the Order to Show Cause.

Plaintiff shall have until __MAY 23, 2014__ to file and serve his reply.

Within __ days, Plaintiffs shall post a bond in the amount of $ __0__, as condition to this order.

Dated: April __15__, 2014

_____
Judge of the Superior Court