PHILIP A. MCLEOD, CASB No. 101101
philip.mcleod@kyl.com
HELEN D. HSUEH, CASB No. 264745
helen.hsueh@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., erroneously sued herein as CHASE BANK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| Douglas K. Ivey,<br><br>Plaintiff,<br><br>vs.<br><br>Chase Bank, ALAW, and Does 1 to 10, inclusive,<br><br>Defendants. | Case No. C 14-02289 NC<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Date: July 9, 2014<br>Time: 1:00 p.m.<br>Place: Courtroom A, 15th Floor |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Wednesday, July 9, 2014 at 1:00 p.m., or as soon thereafter as the matter can be heard in Courtroom A, 15th Floor of the United States District Court, Northern District of California, located at above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant JPMORGAN CHASE BANK, N.A. ("Chase"), erroneously sued herein as Chase Bank, will and hereby does move for an order dismissing Plaintiff DOUGLAS K. IVEY's ("Plaintiff") Complaint with prejudice, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion").

Grounds for the Motion are as follows:

1. Plaintiff's first cause of action for "Violation of California's Homeowners' Bill of Rights" fails because Plaintiff does not allege the essential elements and facts necessary to state a claim on which relief can be granted.

2. Plaintiff's second cause of action for "Violation of California's Predatory Lending Law" fails because Plaintiff does not allege the essential elements and facts necessary to state a claim on which relief can be granted.

3. Plaintiff's third cause of action for "Temporary Restraining Order, Preliminary Injunction and Permanent Injunction" fails because Plaintiff does not allege the essential elements and facts necessary to state a claim on which relief can be granted.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the concurrently-filed Request for Judicial Notice, and any oral argument the Court entertains at the hearing on the Motion.

DATED: May 23, 2014

/s/ Helen D. Hsueh

PHILIP A. MCLEOD
HELEN D. HSUEH
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., erroneously sued herein as CHASE BANK

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. STANDARD FOR MOTION TO DISMISS ..... 3

IV. LEGAL ARGUMENT ..... 4

A. THE COMPLAINT IS FATALLY VAGUE AND UNCERTAIN AND SHOULD BE DISMISSED ..... 4

B. PLAINTIFF'S FIRST CAUSE OF ACTION FOR "VIOLATION OF CALIFORNIA'S HOMEOWNERS' BILL OF RIGHTS" FAILS ..... 5

C. PLAINTIFF'S SECOND CAUSE OF ACTION FOR "VIOLATION OF CALIFORNIA'S PREDATORY LENDING LAW" FAILS ..... 6

1. Chase Played No Role In The Subject Loan's Origination And Chase Is Not Responsible For Washington Mutual's Origination Conduct ..... 6

2. Plaintiff's Claim is Time-Barred ..... 7

D. PLAINTIFF'S UNNUMBERED CAUSE OF ACTION FOR "UNFAIR BUSINESS PRACTICES" FAILS ..... 8

1. Plaintiff's Claim Is Time-Barred ..... 8

2. Plaintiff Lacks Standing To Allege A Section 17200 Violation ..... 8

3. Plaintiff Fails To State A Cause Of Action For An "Unfair" Business Practice ..... 9

4. Plaintiff Fails To State A Cause Of Action For A "Fraudulent" Business Practice ..... 9

5. Plaintiff Fails To State A Cause of Action for An "Unlawful" Business Practice ..... 10

E. PLAINTIFF'S THIRD CAUSE OF ACTION FOR "TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION" FAILS ..... 10

V. CONCLUSION ..... 11

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....3, 4, 5

*Bautista v. Los Angeles Cnty.*, 216 F.3d 837 (9th Cir. 2000) ....4

*Bell Atl. v. Twombly*, 550 U.S. 544 (2007) ....3, 4

*Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012 (N.D. Cal. 2009) ....9

*Hilton v. Wash. Mut. Bank*, 2009 U.S. Dist. LEXIS 100441 (N.D. Cal. 2009) ....7

*Newbeck v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 92392 (N.D. Cal. 2010) ....7

*Plummer Street Office LP v. JPMorgan Chase Bank*, 671 F.3d 1027 (9th Cir. 2012) ....7

*Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952 (N.D. Cal. 2010) ....7

*Stanard v. Nygren*, 658 F.3d 792 (7th Cir. 2011) ....4, 5

*Winter v. NRDC, Inc.*, 555 U.S. 7 (2008) ....10

**STATE CASES**

*Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223 (2006) ....8

*Camp v. Bd. of Supervisors*, 123 Cal.App.3d 334 (1981) ....10

*Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824 (2006) ....9

*Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623 (2007) ....8

*Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612 (1993) ....... 9

*Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164 (2001) ....... 10

*Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal.App.4th 1235 (2009) ....... 9

*South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App. 4th 861 (1999) ....... 9

**STATE STATUTES**

CAL. BUS. & PROF. CODE
§ 17200 ....... 8, 9, 10
§ 17208 ....... 8

CAL. CIV. CODE
§ 2920 ....... 5
§ 2923.6 ....... 5
§ 2924.11 ....... 5

CAL. CODE CIV. PROC.
§ 338(a) ....... 7

**FEDERAL STATUTES**

FED. R. CIV. P. RULE 8 ....... 4

FED. R. CIV. P. RULE 8(a)(2) ....... 4

FED. R. CIV. P. RULE 8(d)(1) ....... 4

FED. R. CIV. P. RULE 12(b)(6) ....... 3

**MISCELLANEOUS**

HOMEOWNERS' BILL OF RIGHTS ....... 1, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant JPMORGAN CHASE BANK, N.A., erroneously sued herein as CHASE BANK ("Chase") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss ("Motion") the Complaint filed by Plaintiff DOUGLAS K. IVEY ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## I. INTRODUCTION

Plaintiff's Complaint is fatally uncertain and subject to dismissal on this basis alone. Although it seeks to postpone a trustee's sale, the Complaint does not even identify the real property or loan at issue. The Complaint ***still*** fails to set forth facts sufficient to state any claim against Chase even assuming that the subject property is the real property identified in Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction, filed on April 15, 2014, and assuming that the loan at issue is the related $2.48 million note that Plaintiff obtained from Washington Mutual Bank, FA.

The crux of Plaintiff's Complaint is the meritless conclusion that simply because Plaintiff applied for a loan modification in 2014, Defendants should have halted the foreclosure sale of the unidentified real property at issue pursuant to the Homeowners' Bill of Rights. The Complaint misinterprets the Homeowners' Bill of Rights. Because Plaintiff had already been granted a loan modification in 2011, Chase was under no obligation to evaluate his alleged application in 2014, much less halt the foreclosure sale after Plaintiff's admitted default. The statutes upon which Plaintiff relies are inapplicable and he is not entitled to avoid the trustee's sale. Accordingly, Chase respectfully requests that the Court grant its Motion to Dismiss this action in its entirety, with prejudice.

## II. STATEMENT OF FACTS

The Complaint fails to identify the real property purportedly at issue—the Complaint does not even provide a property address—and also does not identify the underlying loan forming the basis of Plaintiff's claims. Instead, the Complaint alleges only that Plaintiff obtained an unspecified loan from Washington Mutual "[i]n or about June 2007," Plaintiff defaulted on his loan payments, Plaintiff applied for a loan modification "[o]n or about 18 March 2014" after defendant ALAW served a Notice

of Trustee's Sale dated March 3, 2014, and ALAW and Chase purportedly refused to halt the foreclosure sale of the unspecified real property. (Compl. ¶¶ 5-9). As discussed herein, the vague and inadequately pled Complaint fails to provide Chase with fair notice of the claims against it and should be dismissed on this basis alone.

Assuming that the real property at issue is the property identified in Plaintiff's Ex Parte Application filed on April 15, 2014 ("Ex Parte Application") ("Subject Property"), and assuming that the loan at issue is the $2.48 million note that Plaintiff obtained from Washington Mutual Bank, FA ("WaMu") secured by a Deed of Trust against the Subject Property, the following are facts found in Judicially Noticeable Documents and/or alleged in the Complaint or Ex Parte Application that, for the purposes of this Motion only, Chase accepts as true:

- The real property that appears to form the subject of this dispute is located at 3330 Paradise Drive, Tiburon, California 94920 ("Subject Property"). (*See* Ex Parte Application, p. 1.)

- On or about July 12, 2007, Plaintiff obtained a $2,480,000 Note from WaMu ("Subject Loan") which was secured by a Deed of Trust in the amount of $2,480,000 against the Subject Property (the "DOT"). (*See* concurrently filed Request for Judicial Notice ("RJN") Exh. 1.)

- The DOT was dated July 12, 2007 and recorded with the Marin County Recorder's Office on July 20, 2007 as instrument number 2007-0044603. (RJN Exh. 1.)

- The DOT provided that the borrower was Douglas K. Ivey, the lender and beneficiary was WaMu, and the trustee was California Reconveyance Company ("CRC"). (RJN Exh. 1.)

- On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") and Chase entered into a Purchase and Assumption Agreement (the "P&A Agreement") whereby Chase acquired certain assets of WaMu, including the Subject Loan. An electronic copy of the P&A Agreement is stored and available for retrieval at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf. (RJN Exh. 2.)

- On or about July 13, 2011, Plaintiff signed a written loan modification agreement modifying the Subject Loan ("Loan Modification"). The Loan Modification was recorded with the Marin County Recorder's Office on September 1, 2011 as instrument number 2011-0043329. (RJN Exh. 3.)

- On or about March 1, 2012, CRC requested the recording of a Notice of Default and Election to Sell Under Deed of Trust ("NOD"), which was recorded in connection with the DOT securing the Subject Loan with the Marin County Recorder's Office as

instrument number 2012-0013437. The NOD provides that as of March 1, 2012, the amount in arrears was $94,176.25. (RJN Exh. 4.)

- On or about June 4, 2012, CRC requested the recording of a Notice of Trustee's Sale, which was recorded in Connection with the DOT securing the Subject Loan with the Marin County Recorder's Office as instrument number 2012-0033807. The Trustee's Sale was scheduled for June 27, 2012. The estimated unpaid balance and charges was $3,048,735.37. (RJN Exh. 5.)

- On or about September 27, 2012, CRC requested the recording of a Notice of Trustee's Sale, which was recorded in Connection with the DOT securing the Subject Loan with the Marin County Recorder's Office as instrument number 2012-0059956. The Trustee's Sale was scheduled for October 24, 2012. The estimated unpaid balance and charges was $3,092,525.28. (RJN Exh. 6.)

- On or about August 14, 2013, CRC requested the recording of a Notice of Trustee's Sale, which was recorded in Connection with the DOT securing the Subject Loan with the Marin County Recorder's Office as instrument number 2013-0054320. The Trustee's Sale was scheduled for September 11, 2013. The estimated unpaid balance and charges was $3,215,985.91. (RJN Exh. 7.)

- On or about November 21, 2013, the FDIC, as receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA, by JPMorgan Chase Bank, National Association, its attorney-in-fact, executed a Corporate Assignment of Deed of Trust in connection with the Subject Property which conveyed, granted, assigned, transferred, and set over the DOT to JPMorgan Chase Bank, National Association. (RJN Exh. 8.)

- On or about January 28, 2014, a Substitution of Trustee was recorded in connection with the DOT securing the Subject Loan with the Marin County Recorder's Office as instrument number 2014-0003331, substituting defendant ALAW as Trustee. (RJN Exh. 9.)

- On or about February 20, 2014, ALAW requested the recording of a Notice of Trustee's Sale, which was recorded in Connection with the DOT securing the Subject Loan with the Marin County Recorder's Office as instrument number 2014-0006343. The Trustee's Sale was scheduled for March 12, 2014. The estimated unpaid balance and charges was $3,271,865.65. (RJN Exh. 10.)

## III. <u>STANDARD FOR MOTION TO DISMISS</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 663 (2009). However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, quoting *Twombly*, 550 U.S. at 556. Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664. This determination is context-specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

As set forth herein, Plaintiff's three causes of action each fail as a matter of law because the Complaint is fatally vague and uncertain, and each cause of action relies on meritless conclusions. Chase respectfully requests that this Court grant its Motion to Dismiss with prejudice.

## IV. LEGAL ARGUMENT

### A. The Complaint Is Fatally Vague And Uncertain And Should Be Dismissed

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting those claims. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). The pleading requirements also frame the issues and provide the basis for informed pretrial proceedings. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). Mindful of these principles, courts recognize that "unintelligibility is certainly a legitimate reason for [rejecting a complaint]." *Stanard*, 658 F.3d at 797-98. "[T]he issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.* at 798. The Complaint utterly fails to comply with any of these basic requirements.

The primary allegations in the Complaint appear to be that the foreclosure sale of real property should not be permitted to proceed because Plaintiff submitted a loan modification application, and because the loan was purportedly predatory. Because the Complaint fails to identify not only the real property at issue but also the subject loan, the basis for Plaintiff's allegations against Chase is fatally

uncertain. Without specific allegations to put Chase on notice of its purported wrongdoings, the Complaint fails to state an adequate claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twonbly*, 550 U.S. at 557) (holding that a Complaint is insufficient if it tenders "naked assertions" devoid of "further factual enhancements."); In short, the Complaint is "alarmingly deficient," and the case should therefore be dismissed on this basis alone. *See Stanard*, 658 F.3d at 801.

**B. Plaintiff's First Cause of Action for "Violation of California's Homeowners' Bill of Rights" Fails**

Even assuming for purposes of this Motion that the Subject Property is the same as the subject of Plaintiff's Ex Parte Application, Plaintiff fails to assert a claim under the Homeowners' Bill of Rights. The sole basis for Plaintiff's cause of action is the allegation that Defendants "initiated a foreclosure sale while Plaintiffs [*sic*] were in the Chase's home loan modification program" and therefore violated Cal. Civ. Code § 2920 *et seq*. (Compl. ¶ 12.) Plaintiff's reliance on the Homeowner's Bill of Rights is misplaced. Cal. Civ. Code § 2924.11 generally prohibits trustee's sales "if a foreclosure prevention alternative is approved in writing." The Complaint alleges no such written agreement. Cal. Civ. Code § 2923.6 generally prohibits trustee's sales if a borrower submits a complete loan modification application. The Complaint does not allege that Plaintiff submitted a ***complete*** loan modification application. (*See* Compl. ¶ 7.) Moreover, Cal. Civ. Code § 2923.6 recognizes that there is generally no obligation to evaluate loan modification applications from borrowers who, like Plaintiff, have ***already*** been evaluated for a loan modification prior to January 1, 2013. Cal. Civ. Code § 2923.6(g). The explicit rationale behind this is to "minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay." *Id*. Here, assuming the Subject Property is the property set forth in Plaintiff's Ex Parte Application, judicially noticeable documents provide that Plaintiff had already been previously provided with a loan modification in 2011. (RJN Exh. 3.) Judicially noticeable facts also indicate that after the Notice of Default for the supposed loan at issue was recorded in March 2012, the trustee's sale of the purported Subject Property was postponed at least four times between 2012 and 2014. (See RJN Exhs. 4-7, 10.)

The allegations in the Complaint do not support a conclusion that, under the Homeowners' Bill of Rights, Chase was prohibited from proceeding with foreclosure of the supposed loan at issue. Indeed, Chase had no obligation to evaluate any purported loan modification application from Plaintiff after he had already been provided with a modification in 2011. As such, because Plaintiff's cause of action relies entirely on this flawed theory, it fails and Chase respectfully requests that the Court grant its Motion with prejudice.

### C. Plaintiff's Second Cause of Action for "Violation of California's Predatory Lending Law" Fails

#### 1. Chase Played No Role In The Subject Loan's Origination And Chase Is Not Responsible For Washington Mutual's Origination Conduct

Plaintiff's cause of action for "Predatory Lending" is premised entirely on purported conduct by an unspecified loan agent at WaMu during the origination of what Chase assumes is the Subject Loan. (Compl. ¶¶ 17-20). As the Deed of Trust illustrates, Chase was not a party to the loan origination process. (*See* RJN Exh. 1.) Further, Chase cannot be held liable for WaMu's loan origination conduct. According to Articles 2.1 and 2.5 of the Purchase and Assumption Agreement between the FDIC and Chase dated September 25, 2008 (the "P&A Agreement"), the parties agreed that Chase's assumption of responsibility for loans originated by WaMu is extremely limited:

> **Borrower Claims**. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [WaMu], or otherwise arising in connection with [WaMu's] lending or loan purchase activities **are specifically not assumed by [Chase]**.

(*See* "P&A Agreement" at § 2.5, RJN Exh. 2, emphasis added.)

"Borrower claims" include origination and servicing liabilities like those alleged in the Complaint. Under the P&A Agreement: (1) Chase assumed *no liability* related to originating and servicing loans, but rather retained all "servicing rights and obligations" (RJN Exh. 2, § 2.1); and

(2) Chase specifically declined the assumption of all "borrower claims" "arising in connection with [WaMu's] lending . . . activities," which includes loan origination activities. (*Id.* at § 2.5).

Courts that have analyzed the P&A Agreement have confirmed that Chase "*expressly disclaimed assumption of liability arising from borrower claims* . . . [the P&A Agreement] leaves the FDIC as the responsible party with respect to those claims." *Hilton v. Wash. Mut. Bank*, 2009 U.S. Dist. LEXIS 100441, at *8 (N.D. Cal. Oct. 28, 2009) (internal citations and quotation marks omitted, emphasis added). Accordingly, courts have repeatedly held that the P&A Agreement precludes borrowers like Plaintiff from asserting claims against Chase based on WaMu's conduct. *See, e.g., Plummer Street Office LP v. JPMorgan Chase Bank*, 671 F.3d 1027, 1030 (9th Cir. Feb. 1, 2012) ("[Chase's] Assumption is subject to a caveat in the Agreement *expressly limiting* the rights of third parties") (emphasis added); *Newbeck v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 92392, at *6 (N.D. Cal. Aug. 13, 2010) ("Because Plaintiffs' claims are related to a loan that was held by Washington Mutual, Chase's agreement with the FDIC requires dismissal of Plaintiffs' claims against it."); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 960 (N.D. Cal. 2010) ("[T]he FDIC is the appropriate party regarding any liability associated with borrower claims . . . .") (internal quotations omitted).

Plaintiff's "Predatory Lending" claim against Chase is based wholly on the alleged misconduct of WaMu, the company that originated his loan. (*See, e.g.*, Compl. ¶¶ 16-20.) Accordingly, because Plaintiff's claim arises from WaMu's purported loan origination conduct, his claim is precluded by the P&A Agreement and he has no basis to seek relief against Chase. Plaintiff's second cause of action fails.

**2. Plaintiff's Claim is Time-Barred**

The time for commencing an action based on a liability created by statute, other than for penalty or forfeiture, is three years. *See* Cal. Code Civ. Proc. § 338(a). Plaintiff's "Predatory Lending" claims relate to the origination of the Subject Loan, which he admittedly obtained in 2007. (Compl. ¶ 5.) Thus, the three-year limitations period expired in 2010, long before the filing of the present action. Accordingly, Plaintiff's second cause of action is also subject to dismissal because it is time-barred.

**D. Plaintiff's Unnumbered Cause Of Action For "Unfair Business Practices" Fails**

The Complaint alleges that the actions taken by WaMu (at unspecified times, by an unspecified individual) in connection with the loan origination (of an unidentified loan) also "constitute unfair business practices under Business and Professions Code section 17200 et seq." (Compl. ¶ 22.) To state a claim under California Business and Professions Code section 17200 ("Section 17200"), a plaintiff must allege that a defendant engaged in business conduct that was unfair, fraudulent, or unlawful. CAL. BUS. & PROF. CODE § 17200 *et seq*. Plaintiff's claim fails because it is untimely, Plaintiff lacks standing to bring such a claim, and the Complaint fails to allege facts sufficient to allege any unfair, fraudulent, or unlawful business conduct.

**1. Plaintiff's Claim Is Time-Barred**

Plaintiff's claim is barred by the statute of limitations. A claim for unfair competition under Section 17200 must be brought within four years of its accrual. CAL. BUS. & PROF. CODE § 17208; *Grisham v. Philip Morris U.S.A., Inc*. 40 Cal.4th 623, 639 (2007). Here, Plaintiff's claim relies on the theory that WaMu overstated a property appraisal which resulted in a larger loan that failed to take into account Plaintiff's ability to repay the loan. (Compl. ¶ 18.) Plaintiff alleges he entered into the undefined subject loan in June 2007. (Compl. ¶ 5.) Plaintiff filed his Complaint on April 14, 2014. ***Over six years*** have passed between the allegedly unfair conduct and the filing of this action. Plaintiff's claim under Section 17200 is therefore barred by the statute of limitations and this Court should grant the Motion with prejudice.

**2. Plaintiff Lacks Standing To Allege A Section 17200 Violation**

Plaintiff also lacks standing to assert a claim under Section 17200. As amended in 2004 by Proposition 64, Section 17200 limits standing to certain specified public officials and to any person who has suffered "injury in fact" and has lost money or property as a result of unfair competition. *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 228 (2006). Here, the Complaint does not allege facts to support a conclusion that Plaintiff lost money or property as a result of any purported unfair practice. Accordingly, Plaintiff lacks standing to bring a Section 17200 claim. This Court should grant the Motion with prejudice.

**3. Plaintiff Fails To State A Cause Of Action For An "Unfair" Business Practice**

Plaintiff's "Unfair Business Practice" claim fails because the Complaint does not allege that a defendant engaged in unfair, fraudulent, or unlawful business conduct. CAL. BUS. & PROF. CODE § 17200 *et seq*. To state a claim for an "unfair" business practice, a plaintiff must plead that "(1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal.App.4th 1235, 1255 (2009). Here, the Complaint does not allege the necessary elements under the "unfair" prong. Plaintiff fails to allege any facts showing that he or other consumers could have reasonably avoided any alleged injury. (*See* Compl. ¶¶ 16-22.) Indeed, the Complaint does not even allege any facts showing substantial injury. *See id.* Plaintiff also fails to allege facts showing that any injury is not outweighed by countervailing benefits to consumers or competition. *See id.* Accordingly, Plaintiff's facially deficient claim fails, and this Court should grant the Motion with prejudice.

**4. Plaintiff Fails To State A Cause Of Action For A "Fraudulent" Business Practice**

To constitute a "fraudulent" business practice under Section 17200, a plaintiff must show that the alleged practice is likely to deceive members of the public. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App. 4th 824, 838 (2006). Courts apply a "reasonable consumer" test, where a plaintiff has the burden of proving that reasonable consumers will likely be deceived. *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App. 4th 861, 878 (1999). Additionally, the circumstances of the fraud must be pled with reasonable particularity. *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993). The Complaint does not allege any facts showing that any of WaMu's (or Chase's) allegedly "deceptive" practices would deceive a reasonable consumer. Moreover, Plaintiff's generalized allegations fall far short of providing the facts sufficient to meet the heightened pleading standard required for claims of fraud. Accordingly, Plaintiff has failed to meet his burden of proof, and this Court should grant the Motion with prejudice.

**5. Plaintiff Fails To State A Cause of Action for An "Unlawful" Business Practice**

A business practice is "unlawful" under Section 17200 only if it violates an underlying state or federal statute or common law. *Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012, 1019 (N.D. Cal. 2009). Here, Plaintiff fails to identify any specific statute or underlying claim to support a cause of action under Section 17200. (Compl. ¶¶ 16-22.) Accordingly, any claim under the "unlawful" prong necessarily fails. Moreover, a defense to the underlying claims is a defense to an alleged violation of Section 17200. *Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001). Thus, to the extent that Plaintiff's Section 17200 claim is based on other causes of action in the Complaint, this claim fails for the same reasons described in this Motion. The Court should therefore grant this Motion with prejudice.

**E. Plaintiff's Third Cause of Action for "Temporary Restraining Order, Preliminary Injunction and Permanent Injunction" Fails**

"'Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.'" *Camp v. Bd. of Supervisors*, 123 Cal.App.3d 334, 356 (1981) (quoting *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942)). A party seeking injunctive relief must also demonstrate a likelihood of success on the merits, a likelihood of irreparable harm in the absence of an injunction, that the balance of equities tips in the party's favor, and that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiff's request for injunctive relief appears to be based on the flawed premise that the foreclosure sale of the purported Subject Property should have been halted simply because Plaintiff submitted a loan modification in March 2014. (Compl. ¶¶ 7, 9, 26.) As explained above, Plaintiff's argument is baseless. The Complaint fails to adequately allege any viable claim, much less demonstrate that Plaintiff is likely to succeed on the merits of any claim. As such, no injunctive relief is warranted.

///

///

///

## V. CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant its Motion to Dismiss the Complaint in its entirety, with prejudice.

DATED: May 23, 2014

/s/ Helen D. Hsueh

PHILIP A. MCLEOD
HELEN D. HSUEH
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., erroneously sued herein as CHASE BANK