UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. IVEY,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE BANK, et al.,<br><br>    Defendants. | Case No. 14-cv-02289-NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

    Plaintiff Douglas Ivey brought this action against JPMorgan and others for violating the California's Homeowners' Bill of Rights. Specifically, Ivey alleges that JPMorgan attempted to foreclose on his home while his loan modification application was pending, a prohibited practice under § 2923.6 of the HBOR. JPMorgan moves to dismiss Ivey's Second Amended Complaint with prejudice. In part, JPMorgan argues that Ivey fails to demonstrate the requisite "material change" in financial circumstances under § 2923.6(g) because Ivey experienced an increase in income between the time of his first loan modification application and his second.

    While the Court finds that an increase in income can constitute a "material change" under § 2923.6(g), because Ivey does not allege that JPMorgan actually sold the property or ever *recorded* a notice of default or notice of sale, the Court DISMISSES Ivey's claim under § 2923.6 of the HBOR with leave to amend.

**I. BACKGROUND**

    **A. Alleged Facts**

    The following facts are limited to what was alleged in the complaint. In June 2007,

Case No. 14-cv-02289 NC
MOTION TO DISMISS

Ivey obtained a loan from JPMorgan's predecessor-in-interest, Washington Mutual, and executed a promissory note and deed of trust secured against his home. Dkt. No. 46 at ¶ 5. Ivey subsequently defaulted on his loan payments and had worked with JPMorgan for a modification. *Id.* at ¶ 6. He alleges that he listed $14,000.00 as his monthly income on this first application. *Id.* at ¶ 7. On March 18, 2014, Ivey applied for another loan modification. *Id.* at ¶ 8. This second time, he listed $22,000.00 as his monthly income. *Id.* On March 20, 2014, defendant Albertelli Law, also known as ALAW, served the Notice of Trustee's Sale, dated March 3, 2014, to sell Ivey's property. *Id.* at ¶ 9. Ivey alleges that ALAW and JPMorgan refused to stop the sale of Ivey's home, which was set to take place on October 22, 2014. *Id.* at ¶ 10.

**B. Procedural History**

Ivey states that on April 14, 2014, he filed a complaint in Marin County Superior Court. *Id.* at ¶ 11. In response to Ivey's ex parte application, the Superior Court issued a temporary order restraining JPMorgan and ALAW from selling Ivey's home. *Id.* at 12.

JPMorgan filed a notice of removal on May 16, 2014. Dkt. No. 1. On May 23, 2014, JPMorgan moved to dismiss the complaint on the ground that it failed to allege facts necessary to state claims on which relief can be granted. Dkt. No. 11. The Court granted JPMorgan's motion to dismiss with leave to amend because Ivey failed to plead a material change in his financial circumstances. Dkt. No. 26.

**C. Jurisdiction**

The Court has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Plaintiff Ivey is a citizen of California. Dkt. No. 46 at ¶ 1. Defendant JPMorgan is a citizen of Ohio. Dkt. No. 46 at ¶ 3. Defendant ALAW is a citizen of Florida. *Id.* at ¶ 2. The amount in controversy exceeds $75,000. Dkt. No. 46 at ¶¶ 9-10, 19-20.

This Court has jurisdiction under 28 U.S.C. § 636(c), as all parties have consented to proceeding before a magistrate judge. Dkt. Nos. 15, 16.

**II. LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. § 2923.6(g)

#### 1. "Material Change" in Financial Circumstances

JPMorgan invokes § 2923.6(g) of the HBOR and argues that it bars Ivey's claim. Section 2923.6(g) provides:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, *unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application* and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g) (emphasis added).

Here, Ivey alleges that he submitted a loan modification application in March 2014,

1  listing his monthly income as $22,000. Dkt. No. 46 at ¶ 21. He alleges that this
2  constitutes a "material change" in his income from his prior loan modification application,
3  where he listed his income as $14,000. *Id.* JPMorgan argues that an increase in income
4  after receiving a prior loan modification does not meet the definition of "material change"
5  under § 2923.6(g). Dkt. No. 47 at 5-6. JPMorgan, however, offers no authority to support
6  this argument.

7  In fact, other district courts in California have found that an increase in income does
8  constitute a "material change" in financial circumstances under § 2923.6(g). *See, e.g.,*
9  *Vasquez v. Bank of Am.*, N.A., No. 13-cv-02902 JST, 2013 U.S. Dist. LEXIS 161244, at *8
10 (N.D. Cal. Nov. 9, 2013) (finding allegations that plaintiff submitted documentation
11 showing "increased income" sufficient to demonstrate material change in financial
12 circumstances); *Rosenfeld v. Nationstar Mortg., LLC*, 2014 U.S. Dist. LEXIS 14034, *13-
13 14 (C.D. Cal. Feb. 3, 2014) ([T]he Court views the allegations in the FAC in the light most
14 favorable to plaintiffs, and concludes that plaintiffs' statement in the letter regarding their
15 elimination of credit card debt is sufficient to give rise to a reasonable inference of a
16 'material change in . . . financial circumstances.'") (citations omitted).

17 The Court agrees with this line of cases. Accordingly, viewing Ivey's factual
18 allegations in the light most favorable to him, the Court considers Ivey's increase in
19 income a "material change." Indeed, nothing in the plain language of the statute limits the
20 "material change in the borrower's financial circumstances" to only decreases in the
21 borrower's income. Ivey documented this change when he submitted a second application
22 to JPMorgan and listed $22,000 as his income.

23  **2. Whether § 2923.6(g) Applies to All Prior Loan Modification Applications**

24 Still, JPMorgan claims that § 2923.6(g) does not apply to borrowers who have
25 applied for and received a prior loan modification. Dkt. No. 51 at 2-3. But JPMorgan
26 does not cite to any language in the statute, legislative history, or to any case law to
27 support its proposition. To be sure, most cases interpreting § 2923.6(g) involved a prior
28 loan modification application that was denied. *See, e.g., Gilmore v. Wells Fargo Bank NA*,

No. 14-cv-02389 CW, 2014 WL 2538180 (N.D.Cal. June 5, 2014).  Nonetheless, district courts have applied § 2923.6(g) to borrowers who, like Ivey, had a prior loan modification application approved.  *Shaw v. Specialized Loan Servicing, LLC*, 2014 WL 3362359, at *6 (C.D. Cal. July 9, 2014) (citing *Dias v. JP Morgan Chase, N.A.*, No.: 5:13–CV–05327–EJD, 2014 WL 2890255 (N.D.Cal. June 25, 2014); *Mann v. Bank of America, N.A.*, 2014 WL 495617, *1 (C.D.Cal. Feb. 3, 2014)).

Similarly, this Court applies § 2923.6(g) to Ivey's application for a second loan modification even though JPMorgan already approved a prior loan modification.

In short, this Court finds that § 2923.6(g) does not prevent Ivey from bringing a viable claim under the HBOR for dual tracking.

**B.   § 2923.6(c)**

Ivey alleges that JPMorgan violated § 2923.6(c), which forbids a mortgage servicer from engaging in "dual tracking."  This section provides that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale" while the application is pending.  Cal. Civ. Code § 2923.6(c).  That subsection goes on to state:

> [A] servicer *shall not record a notice of default or notice of sale or conduct a trustee's sale* until any of the following occurs: (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired; (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer; (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

*Id.* (emphasis added).

Here, Ivey alleges that JPMorgan "initiated and pursued a foreclosure sale while Plaintiff was in JPMorgan's home loan modification program . . . ."  Dkt. No. 46 at ¶ 20.  But Ivey does not allege that JPMorgan ever *recorded* a notice of default or notice of sale, much less conducted an actual sale of the property.  Ivey alleges only that he was "served"

1 with a Notice of Trustee's sale. Dkt. No. 46 at ¶ 9. Because Ivey has not alleged that
2 JPMorgan recorded a notice of sale or notice of default, or conducted a trustee's sale, the
3 Court DISMISSES Ivey's claim under § 2923.6.

**C. Remedies**

Under § 2924.12, the California legislature added specific remedies for borrowers, including injunctive relief and damages, for any material violation of certain sections in the HBOR. Cal Civ. Code § 2924.12. For instance, "if a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation" of § 2923.6. Cal Civ. Code § 2924.12. The borrower, however, "may not seek remedies under Section 2924.12 that do not apply to the present status of the property." *Vasquez*, 2013 U.S. Dist. LEXIS 161244 at *21 (finding that remedies under § 2924.12 for violations of § 2923.6 "depend upon whether a trustee's deed has or has not been recorded").

Here, Ivey seeks damages of at least $500,000, an injunction against JPMorgan, and attorney's fees and costs. Dkt. No. 46 at 4. But under § 2924.12, because Ivey has not alleged that a trustee's deed upon sale has been recorded, he may only bring an action for injunctive relief. Ivey can pursue a claim for "actual economic damages" resulting from a material violation of § 2923.6 only after the trustee's deed upon sale had been recorded.

In short, "if no trustee's deed upon sale has been recorded, [Ivey's] claims . . . for actual damages, attorneys' fees, and treble damages are unavailable until such time as the deed upon sale has been recorded." *Vasquez*, 2013 U.S. Dist. LEXIS 161244 at * 23.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss the complaint with leave to amend. Ivey may file an amended complaint consistent with this order within 14 days. The Court declines JPMorgan's request for judicial notice of certain documents; the Court did not consider these documents in its analysis.

**IT IS SO ORDERED**.

Dated: January 22, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge