UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DOUGLAS K. IVEY, | Case No. 14-cv-02289-NC |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| CHASE BANK, et al., | Re: Dkt. No. 83 |
| Defendants. | |

Plaintiff Douglas Ivey brought this action against JPMorgan and others for violating California's Homeowners' Bill of Rights. Specifically, Ivey seeks injunctive relief under California Civil Code § 2924.12 and to enjoin JPMorgan from conducting a trustee's sale of Ivey's property. JPMorgan moves to dismiss Ivey's Fourth Amended Complaint with prejudice. JPMorgan argues that Ivey fails to allege a "material violation" of California Civil Code § 2923.6.

Because Ivey does not allege that JPMorgan actually violated § 2923.6 by recording a notice of default or notice of sale, or conducting a sale of Ivey's property after Ivey submitted a loan modification application, the Court DISMISSES Ivey's complaint with prejudice.

**I. BACKGROUND**

**A. Alleged Facts**

In June 2007, Ivey obtained a loan from JPMorgan's predecessor-in-interest, Washington Mutual, and executed a promissory note and deed of trust secured against his home. Dkt. No. 82 at ¶ 5. On March 2, 2012, defendant Albertelli Law ("ALAW"),

1  "acting at the direction of [JPMorgan,] recorded a Notice of Default" against Ivey's
2  property. *Id.* at ¶ 6. On March 2, 2014, defendants issued a Notice of Trustee's Sale to
3  sell Ivey's home. *Id.* at ¶ 9. Defendants scheduled the sale for October 22, 2014, but later
4  postponed it. *Id.* at ¶ 8.

5  On or about March 18, 2014, Ivey alleges he submitted a new loan modification
6  package to JPMorgan. *Id.* at ¶ 9.

7  **B. Procedural History**

8  On April 14, 2014, Ivey filed a complaint in Marin County Superior Court. Dkt.
9  No. 1-1 at 2. In response to Ivey's ex parte application, the Superior Court issued a
10 temporary order restraining JPMorgan and ALAW from selling Ivey's home. *Id.* at 11-12.

11 JPMorgan filed a notice of removal on May 16, 2014. Dkt. No. 1. On May 23,
12 2014, JPMorgan moved to dismiss the complaint on the ground that it failed to allege facts
13 necessary to state claims on which relief can be granted. Dkt. No. 11. The Court granted
14 JPMorgan's motion to dismiss with leave to amend. Dkt. No. 26.

15 Ivey subsequently filed a First Amended Complaint, Dkt. No. 30, and a Second
16 Amended Complaint, Dkt. No. 46. The Court dismissed this Second Amended Complaint
17 with leave to amend for failure to state a claim under § 2923.6. Dkt. No. 55. Ivey then
18 filed a Third Amended Complaint, Dkt No. 57, and a Fourth Amended Complaint, Dkt.
19 No. 82. JPMorgan now moves to dismiss this Fourth Amended Complaint. Dkt. No. 83.

20 This Court has jurisdiction under 28 U.S.C. § 636(c), as all parties have consented
21 to proceeding before a magistrate judge. Dkt. Nos. 15, 16, 22.

22 **II. LEGAL STANDARD**

23 A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
24 sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a
25 motion to dismiss, all allegations of material fact are taken as true and construed in the
26 light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-
27 38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are
28 merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re*

*Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

California Civil Code § 2923.6(c) provides that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale" while the application is pending.  Cal. Civ. Code § 2923.6(c) (forbidding "dual tracking").

Here, Ivey seeks to enjoin JPMorgan from conducting a trustee's sale of his property.  Dkt. No. 86 at 4.  Ivey clarifies that he "does not seek restraining the Notice of Trustees Sale because that has already been done."  *Id.* at 2.  After all, Ivey submitted his modification application on March 18, 2014, one month after JPMorgan recorded a Notice of Trustee's sale.  Dkt. No. 82 at ¶¶ 8-9 (alleging JPMorgan recorded Notice of Trustee's Sale on February 20, 2014).  Instead, Ivey contends that JPMorgan "ignores" the statutory language prohibiting it from "'conduct[ing] a trustee's sale' while the application is pending which is the full and only extent to which the Fourth Amended Complaint states a cause of action."  Dkt. No. 86 at 2.  As Ivey himself points out, the injunctive-relief remedy comes from § 2924.12, which states that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a *material violation* of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17."  Cal. Civ. Code § 2924.12(a)(1) (emphasis added).

1    There's just one problem for Ivey: he never alleges a "material violation" of
2    § 2923.6 or any other of the enumerated sections in § 2924.12(a)(1) that would warrant
3    injunctive relief. In fact, § 2924.12(a)(2) goes on to state that "[a]ny injunction shall
4    remain in place and any trustee's sale shall be enjoined until the court determines that the
5    mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and
6    remedied the *violation or violations* giving rise to the action for injunctive relief." Cal.
7    Civ. Code § 2924.12(a)(2) (emphasis added).

8    Here, Ivey continually fails to allege a "violation or violations" to obtain an
9    injunction. The Court dismissed Ivey's prior complaint for this same reason. Dkt. No. 55
10   at 6 ("Because Ivey has not alleged that JPMorgan recorded a notice of sale or notice of
11   default, or conducted a trustee's sale, the Court DISMISSES Ivey's claim under
12   § 2923.6."). And while Ivey does allege that JPMorgan had set the trustee's sale date for
13   October 22, 2014, he also alleges JPMorgan postponed that sale date. Dkt. No. 82 at ¶ 8.

14   In sum, without a "material violation," or an allegation that JPMorgan conducted a
15   trustee's sale, Ivey's sole cause of action again fails. This latest complaint is Ivey's fifth
16   redo. The Court is not persuaded that other factual allegations can cure this latest
17   complaint's deficiencies. Accordingly, the Court DISMISSES Ivey's Fourth Amended
18   Complaint with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss the Fourth Amended Complaint without leave to amend. The Court dismisses this case with prejudice. The Court declines JPMorgan's request for judicial notice of certain documents, Dkt. No. 84; the Court did not consider these documents in its analysis.

**IT IS SO ORDERED**.

Dated: May 28, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 14-cv-02289 NC
MOTION TO DISMISS

4